UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Derek Lurch Jr.

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

City of New York

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
SDNY PRO SE OFFICE
2016 OCT 17  AM 10: 38

**AMENDED
COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☑ Yes    ☐ No
*(check one)*

**16 Civ. 3835   (   )**

I.     **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name Robert Derek Lurch Jr.
              ID# 16A2468
              Current Institution Franklin Correctional Facility
              Address 62 Bare Hill rd., P.O. Box 10
              Malone, New York  12953

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

*Rev. 01/2010*                              1

| Defendant No. 2 | Name _____ Shield #_____ |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 3 | Name _____ Shield #_____ |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

Who did what?

| Defendant No. 4 | Name _____ Shield #_____ |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

| Defendant No. 5 | Name _____ Shield #_____ |
| | Where Currently Employed _____ |
| | Address _____ |
| | _____ |

## II.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?

GmDC and MDC

B.   Where in the institution did the events giving rise to your claim(s) occur?

Housing area Dorm 16A (GmDC) / Housing area 6East (MDC)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

Feb 8 2016  7pm - 11pm (GmDC) / may 11/2016 - June 17, 2016 (MDC)

What happened to you?

D.   Facts:   - See attached -

— See Attached —

claim 1 (GmDC)        claim 2 (mDC)

Claim
#1
against
city of
New York
Docket #
16CV3835

## 14 Amendment violation

municipal
Liability

"Having assumed physical custody of Inmates, who
cannot protect and defend themselves In the same
way as those at liberty can, [a municipality] owes
a duty of care to safeguard Inmates, even from attacks
by fellow Inmates" (Sanchez v. State of New York, 99
NY2d 247, 252 [2002]).

However, this duty does not render the municipality an
Insurer of Inmate safety, and negligence cannot be
established by the mere occurrence of an Inmate
assault (id at 253, 256).

Rather, "the scope of the [municipality's] duty to protect
Inmates IS limited to risks of harm that are reasonably
foreseeable" (id. at 253).

Constitutional
violation

A Pretrial detainee who has not been convicted of
any crime has a due process right to be free from
violence from other Inmates (U.S. Const. amend. 14)

foreseeability
& Substantial
risk of
harm

Reasons why the potential threat of substantial risk of harm
was foreseeable:

(1) I was assaulted by unknown assailants In Dorm 3 Lower B

to me was unreasonable because I had just got into an altercation with an inmate with gang ties, It was likely I would be retaliated against if I stayed in the same building, the Dorm I was housed in was known for gang members that authority reacted all over the building, and R. Kers Island had over 9 different buildings I coulduc been placed in other than C-73-So the reason I was given was inexcusable because there was numerous buildings I coulduc move to. I didnt know exactly who would attack me, I just knew I would be attacked because getting involved in an altercation with someone even cool with gang members is disrespect and I knew by being involved in a altercation with this person someone would be sent to assault me.

**Accessibility reason #3**

(3) Because of the incident I was involved in, the housing area where It happened lost their phone privileges for the whole day being told by officers "blame the inmates that wanted to fight so early in the morning". The Dorm's phone privileges wasnt restored until I was housed back in the exact same dorm that lost its privileges because of the incident. as soon as I walked in, inmates all over the dorm expressed their anger stating "we should jump you because yous the reason the phone was shut off all day. which exposed me to much more danger than I already faced because these inmates were punished

## Facts of Incident

Pg. 1 of 5

On Feb 8, 2016 I had an altercation with another Inmate at 5 AM In the morning. After officers escorted me to Intake to wash the chemicals out of my eyes, I Informed the officials that I was no longer safe In the building due to the affiliation the other Inmate had with a gang. I put the officials on notice of the substantial risk I faced If I remained In that building (C-73 Rikers Island). The official said he would look Into seeing about my re-location. I went to court that same day and upon my return, I Inquired about my requested re-location due to the Incident earlier that day. Subsequently, after explaining to correctionals officials again that I wouldn't be safe, I was then brought back to the very same housing area. Sometime later that evening gang Intelligence came to the housing area to Interview me, which only Increased the tension that was already In the dorm from the earlier Incident, In which the dorm lost Its phone privileges as a result of the Incident I was Involved In. I requested to be moved again and was denied. The Interview concluded and I was not moved from the location. Later that night, while performing my work detail In the bathroom, I was attacked by several Inmates, and as a result suffered contusions, abrasions, and a split lip, when Inmates

**Facts of**
**Incident**
**p.3 of 5**

about my injuries that day was accompanied by the female
officer who sprayed me in the face with chemicals during the
morning incident. She asked me was I okay? I informed
her that I have bruises on my forehead from the assault
and various cuts. However Before she could respond back,
I stated "I've been assaulted before everything should heal
up in a couple of weeks". She asked me if I was okay
mentally and I informed her except for not feeling
comfortable without my back against the wall I'm okay
I guess. She then reviewed my chart and asked me didn't
I just get into an altercation in that same dorm,
why would you go back? Before I could respond the
female officer that sprayed during the morning incident
told her I dont know why he let them house him
in that same dorm, he know them boys dont like him.
I told her I informed security that this was going to
happen but they didnt listen. Before I left the health
clinic the female officers in the clinic told me "dont
let them house you where you have problems at you
lucky them guys didnt cut you". Another one stated "you
know they dont care what happen to you all, one of them
said shaking her head, I informed her I wouldnt and
they all told me to be safe. As I was leaving I overheard
one say "they knew not to put that boy in the same dorm".
I was escorted back to intake from the clinic and

Facts of
Incident
pg. 5 of 5

the first day It occurred. I further stated "you all wait five days after the Incident to take pictures after the Injuries don't look as bad thats corrupt." She told me "Look I'm just doing what I was told. So there's pictures of my Injuries taken 8-10 days after the Incident. To be fair the first attempt was 5 days after most the swelling had went down.

Constitutional Protections/

Forseeability

**Constitutional Protections**

(1) I have a right to be free from violence at the hands of other Inmates (Farmer v. Brennan, 511 U.S. at 833, 114 S. Ct. 1970)

This right was violated when officials were put on notice of substantial risk of harm faced, placed me in the same dorm that created this risk, and as a result I was attacked.

(2) A prison official may be held liable under the Eighth amendment (a detainee's 14 amendments right) if he knows that Inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it (Clem v. Lomeli, 566 F.3d 1177, 1182 (9th cir 2009)(emphasis on med)(quoting Farmer, 511 U.S. at 847, 114 S. Ct. 1970)

When officials disregarded substantial risk of harm I faced by failing to move me out the building, these officials failed to take reasonable measures to abate the risk.

Claim 2
against
City of
New York
Docket #
16 CV 3835

## Deliberate Indifference
## Claim

**Municipality Liability**

I was Informed by a medical Doctor working at MDC that It was DOC Policy not to provide Inmates with a medical need for more comfortable bedding with a Doctor note to receive better bedding. I was shown an email that was sent to all DOC healthcare professionals not to provide Inmates with notes that will require officers to provide them with better bedding. Department of corrections IS ran by the City of New York and aids In every decision made by Department of corrections In regards to running the City's facility.

**Constitutional violation**

Officials created a Policy that created a Situation that posed a substanal risk of harm to Inmate medical needs In there custody that showed the City defendants showed a deliberate Indifference to the health or safely of Inmates In their custody that violated a detainee's 14 amend. due process rights and a convicted persons 8th amend. rights.

under the 14th amendment's Due Process clause, pretrial detainees unlike convicted Prisoners, cannot be punished at all, much less maliciously and sadistically (U.S. const. amend 14)

Facts of Incident

claim 2

Pg. 1 of 3

While In manhattan Detention center For the period of May 11 2016 to June 17 I was forced to endure unconstitutional and below standard (minimum) Living conditions. The Bob Barker mattress I was supplied with by MDC was In decrepit condition. These mattresses are usually at least 4 inches thick when they are brand new. The one I was given was no more than one Inch thick and resembled a deflated air mattress. These mattresses were intended to be used without Foundation yet DOC (Department of correctional) use's these mattresses as beds for Inmates to sleep on supporting them on a hard metal Foundation. Doc utilizes these mattresses For a purpose other than their original intended use (Floor mats) and not For what they were design For. The one I received was In such bad condition that not only did It resemble a deflated air mattress, It also Felt like I was sleeping on one. I was supplied with no pillow which caused the stab wound on my neck discomfort. which resulted In sharp pains and any movement on this mattress to find a more comfortable position to sleep resulted In a considerable amount of pain. If I turned to find a more comfortable position my hip bone would make direct contact It would

Pg.3 of 3

will eliminate the problem causing the pain and will eliminate the need for medication. He told me he understands and then showed me an email DOC (Department of corrections) sent to its medical staff which stated under no circumstances are Doctors allowed to provide Inmates with documentation stating its a medical need that they be provided with better bedding or double mattresses (special bedding request). Sleeping on a mattress that the steel foundation could be felt anytime I made a movement was tantamount to cruel/ Unusual Punishment and DOC making a policy which made it impossible to improve these conditions showed their Deliberate Indifference to the medical needs of inmates in their custody. Instead of the more humane solution of DOC providing me with better bedding because of the mattress's decrepit condition and medical problems it was causing. I was Prescribed Ibuprofen on June 9, 2016 to deal with the pain it caused. I was housed in 6 East (housing area) cell 11 Lower.

| Was anyone else involved? |
| --- |

| Who else saw what happened? |
| --- |

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

Neck/Back Pain/Joint Stiffness (MDC) May 11, 2016 - June 17, 2016

Contusions/abrasions, Permanent Disfigured Lip (GMDC) Feb 8, 2016

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

GMDC, MDC

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes __✓__   No ____   Do Not Know ____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No __✓__   Do Not Know ____

If YES, which claim(s)?

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes __✓__   No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No ____

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?   Filed complaint about GMDC incident at GRVC [complaint Included]

1.  Which claim(s) in this complaint did you grieve?   Being forced to be placed in a house where I faced substantial risk of harm at,

2.  What was the result, if any?   NONE

3.  What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:   I didn't File a grievance For my claim against MDC because I was told It wasn't a grievable issue,

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

My claim against DOC I Informed the grievance conn. Hec which was a lady. I Informed her about the policy and another claim concerning the cameres. She Informed me any policy or security measure Implemented by DOC is a nongrievable issue.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).   Im Suing For $ 1,000,000 (1 million dollars) For past and future pain and suffering (compensatory damages).

_____

_____

_____

**VI.**   **Previous lawsuits:**

On
these
claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _✓_

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.   Docket or Index number _____

_____ 4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _✓_

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.   Docket or Index number _____

_____ 4.   Name of Judge assigned to your case_____

5.   Approximate date of filing lawsuit _____

6. Is the case still pending?  Yes _____  No _____

   If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
   _____
   _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _6_ day of _October_ , 20 _16_.

| | |
|---|---|
| Signature of Plaintiff | Robert Lucuch |
| Inmate Number | 16 A 2468 |
| Institution Address | Franklin correctional Facility |
| | P.O. Box 10,62 Bere Hill rd. |
| | Melone, new york |
| | 12953 |

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _6_ day of _October_ , 20 _16_ I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   Robert Lucuch

NEW YORK STATE DEPARTMENT OF HEALTH

**Authorization for Release of Health Information (Including Alcohol/Drug Treatment and Mental Health Information) and Confidential HIV/AIDS-related Information**

| Patient Name | Date of Birth | Patient Identification Number |
|---|---|---|
| Robert Lurch | 11/28/1990 | NYSID:12684777N |

| Patient Address |
|---|
| Franklin Correctional Facility/P.O. Box 10.62 Bare Hill Road/Malone, New York 12953 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form. I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG TREATMENT, MENTAL HEALTH TREATMENT, and CONFIDENTIAL HIV/AIDS-RELATED INFORMATION only if I place my initials on the appropriate line in Item 8. In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 8, I specifically authorize release of such information to the person(s) indicated in Item 6.

2. With some exceptions, health information once disclosed may be re-disclosed by the recipient. If I am authorizing the release of HIV/AIDS-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from re-disclosing such information or using the disclosed information for any other purpose without my authorization unless permitted to do so under federal or state law. If I experience discrimination because of the release or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 1-888-392-3644. This agency is responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the provider listed below in Item 5. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. Signing this authorization is voluntary. I understand that generally my treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditional upon my authorization of this disclosure. However, I do understand that I may be denied treatment in some circumstances if I do not sign this consent.

5. Name and Address of Provider or Entity to Release this Information:

NYC Health + Hospitals/MDC/125 White St/New York, NY/10013

6. Name and Address of Person(s) to Whom this Information Will Be Disclosed:

Zachary W. Carter/The City of New York Law Dept./100 Church St/New York, NY/10007

7. Purpose for Release of Information:

Legal reasons

8. Unless previously revoked by me, the specific information below may be disclosed from: **May 11, 2016** INSERT START DATE until **June 17, 2016** INSERT EXPIRATION DATE OR EVENT

[✓] All health information (written and oral), except:

| For the following to be included, indicate the specific information to be disclosed and initial below. | Information to be Disclosed | Initials |
|---|---|---|
| [✓] Records from alcohol/drug treatment programs | | R.L. |
| [✓] Clinical records from mental health programs* | | R.L. |
| [✓] HIV/AIDS-related Information | | R.L. |

| 9. If not the patient, name of person signing form: | 10. Authority to sign on behalf of patient: |
|---|---|
| | |

All items on this form have been completed, my questions about this form have been answered and I have been provided a copy of the form.

_Robert Lurch_
SIGNATURE OF PATIENT OR REPRESENTATIVE AUTHORIZED BY LAW

10/6/2016
DATE

Witness Statement/Signature: I have witnessed the execution of this authorization and state that a copy of the signed authorization was provided to the patient and/or the patient's authorized representative.

D. Gumbus, C.O.
STAFF PERSON'S NAME AND TITLE

D. Gumbus, C.O.
SIGNATURE

10/8/16
DATE

This form may be used in place of DOH-2557 and has been approved by the NYS Office of Mental Health and NYS Office of Alcoholism and Substance Abuse Services to permit release of health information. However, this form does not require health care providers to release health information. Alcohol/drug treatment-related information or confidential HIV-related information released through this form must be accompanied by the required statements regarding prohibition of re-disclosure.

*Note: Information from mental health clinical records may be released pursuant to this authorization to the parties identified herein who have a demonstrable need for the information, provided that the disclosure will not reasonably be expected to be detrimental to the patient or another person.

DOH-5032 (4/11)

## Authorization for Release of Health Information (Including Alcohol/Drug Treatment and Mental Health Information) and Confidential HIV/AIDS-related Information

NEW YORK STATE DEPARTMENT OF HEALTH

| Patient Name | Date of Birth | Patient Identification Number |
|---|---|---|
| Robert Lurch | 11/28/1990 | NYSID: 12684777N |

Patient Address
Franklin Correctional Facility/P.O. BOX 10/62 Bare #11 road/Malone, New York 12953

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form. I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG TREATMENT, MENTAL HEALTH TREATMENT, and CONFIDENTIAL HIV/AIDS-RELATED INFORMATION only if I place my initials on the appropriate line in Item 8. In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 8, I specifically authorize release of such information to the person(s) indicated in Item 6.

2. With some exceptions, health information once disclosed may be re-disclosed by the recipient. If I am authorizing the release of HIV/AIDS-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from re-disclosing such information or using the disclosed information for any other purpose without my authorization unless permitted to do so under federal or state law. If I experience discrimination because of the release or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 1-888-392-3644. This agency is responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the provider listed below in Item 5. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. Signing this authorization is voluntary. I understand that generally my treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditional upon my authorization of this disclosure. However, I do understand that I may be denied treatment in some circumstances if I do not sign this consent.

5. Name and Address of Provider or Entity to Release this Information:
NYC Health + Hospitals/MDC/125 white St/New York, NY/10013

6. Name and Address of Person(s) to Whom this Information Will Be Disclosed:
Zachary W. Carter/The city of New york Law dept./100 church St/New york, NY/10007

7. Purpose for Release of Information:
Legal reasons

8. Unless previously revoked by me, the specific information below may be disclosed from: May 11, 2016 until June 17, 2016
INSERT START DATE — INSERT EXPIRATION DATE OR EVENT

[✓] All health information (written and oral), except:

| For the following to be included, indicate the specific information to be disclosed and initial below. | Information to be Disclosed | Initials |
|---|---|---|
| [✓] Records from alcohol/drug treatment programs | | R.L. |
| [✓] Clinical records from mental health programs* | | R.L. |
| [✓] HIV/AIDS-related Information | | R.L. |

| 9. If not the patient, name of person signing form: | 10. Authority to sign on behalf of patient: |
|---|---|
| | |

All items on this form have been completed, my questions about this form have been answered and I have been provided a copy of the form.

Robert Lurch                                      10/6/2016
SIGNATURE OF PATIENT OR REPRESENTATIVE AUTHORIZED BY LAW        DATE

**Witness Statement/Signature:** I have witnessed the execution of this authorization and state that a copy of the signed authorization was provided to the patient and/or the patient's authorized representative.

D. Gumbus, C.O.              D. Gumbus, C.O.          10/8/16
STAFF PERSON'S NAME AND TITLE        SIGNATURE                    DATE

This form may be used in place of DOH-2557 and has been approved by the NYS Office of Mental Health and NYS Office of Alcoholism and Substance Abuse Services to permit release of health information. However, this form does not require health care providers to release health information. Alcohol/drug treatment-related information or confidential HIV-related information released through this form must be accompanied by the required statements regarding prohibition of re-disclosure.

*Note: Information from mental health clinical records may be released pursuant to this authorization to the parties identified herein who have a demonstrable need for the information, provided that the disclosure will not reasonably be expected to be detrimental to the patient or another person.

DOH-5032 (4/11)



# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

## INMATE GRIEVANCE AND REQUEST PROGRAM

### DISPOSITION FORM          Attachment - C



| Form: # 7102R |
|---|
| Eff.: 09/10/12 |
| Ref.: Dir. #3376 |

If this is a submission not subject to IGRP process, DOC Grievance Supervisor must choose its category and write down the next steps for the inmate.

☐ Staff-on-inmate non-sexual assault (use of force) allegation
☐ Staff-on-inmate sexual assault/abuse allegation
☐ Staff-on-inmate non-sexual harassment
◉ Inmate-on-inmate non-sexual assault allegation
☐ Inmate-on-inmate sexual assault/abuse allegation
☐ Inmate-on-inmate non-sexual harassment allegation
☐ Status as an intended contraband recipient, enhanced restraint, Red ID, or centrally monitored case inmate

☐ Medical staff, e.g., complaints regarding quality of care, request for second medical opinion
☐ Mental health staff, e.g., complaints regarding quality of care, request for second medical opinion
☐ Request for protective custody (fear for safety)
☐ Request for accommodation due to disability
☐ Inmate disciplinary process and dispositions
☐ Freedom of Infomation law request
◉ Other

| Next steps: Forwarded to Deputy Warden | Date of Deadline for Status Update from Relevant Entity: N/A |
|---|---|

| Inmate's Signature: | Date: | Grievance Supervisor's Signature: | Date: 3/9/11 |
|---|---|---|---|

### STEP 2: FORMAL HEARING OF INMATE GRIEVANCE RESOLUTION COMMITTEE

Formal Hearing Disposition: _____

_____

_____

_____

_____

_____

_____

Date returned to inmate: _____   IGRC Members Signatures: _____

_____

_____

_____

Please decide within five business days of receipt whether to appeal (Check one box below.)

☐ Yes, I agree with the IGRC hearing disposition.

☐ No, I disagree with the IGRC hearing disposition and seek to appeal to the Commanding Officer.

| Inmate's Signature: | Date: | Grievance Supervisor's Signature: | Date: |
|---|---|---|---|

### STEP 3: APPEAL TO THE COMMANDING OFFICER

Grievance Supervisor must check only one box below.
☐ Grievance forwarded to the Commanding Officer for action upon IGRC recommendation.
☐ Grievance not forwarded to the Commanding Officer (explain):

_____

| Grievance Supervisor's Signature: | Date: |
|---|---|

City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: Robert Lorch | Book & Case #: 3491505537 | NYSID # (optional): |
|---|---|---|
| Facility: GRVC | Housing Area: 15A | Date of Incident: FCB 9,2016 | Date Submitted: March 9,2016 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is on-going. The inmate filing the grievance or request must personally prepare this statement. Upon collection by Inmate Grievance and Request Program (IGRP) staff, IGRP staff will time-stamp and issue it a grievance/request reference number. IGRP staff shall provide the inmate with copy of this form as a record of receipt within two business days of receiving it.

**Request or Grievance:**

I was getting issues In an alteration In GRVC with some guys. I told the officers I dont want to be put In the same house I wont be safe and the officers put me in the same house. when I got there It wasnt even one day before something msc happen. If I have known Issue's In any location I dont wantto be force there. to be place In physical danger. It was captain Lebron I asqued him to be moved and he told me no you go where I want you to go.

**Action Requested by Inmate:**

If I have known Issues In a Dorm or housing affear I dont want to be place there by officers that dont care about my safely.

## Please read below and check the correct box:

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☐ | ☐ |
| Do you need the IGRP staff to write the grievance or request for you? | ☐ | ☐ |
| Have you filed this grievance or request with a court or other agency? | ☐ | ☐ |
| Did you require the assistance of an interpreter? | ☐ | ☐ |

Inmate's Signature: _[signature]_          Date of Signature: 2/9/2016

### For DOC Office Use Only
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: 3/9/16 CJJ | Grievance and Request Reference #: NG | Category: Timeless / Inmate on Inmate Assault |
|---|---|---|
| | Inmate Grievance and Request Program Staff's Signature: CJJ | |

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION



## INMATE GRIEVANCE AND REQUEST PROGRAM
### DISPOSITION FORM

Form: # 7102R
Eff.: 09/10/12
Ref.: Dir. #3376

| | | |
|---|---|---|
| Grievance/Request Reference #:<br>Lurch, Robert 349-15-05237 | Date Filed:<br>3/9/16 | Facility:<br>GRVC-15A |

| | |
|---|---|
| Title of Grievance or Request:<br>NG | Category:<br>Inmate on Inmate/Timeless |

From IGRP Inmate Statement Form, print or type short description of request/grievance: I was in an altercation in GMDC with some guys. I told the officers I don't want to be put in the same house. I want to be safe and the officers put me in the same house. When I got there it wasn't even one day before something else happen. If I have known issues in any location I don't want to be force there. To be place in physical danger. It was Captain Lebron I asked him to be moved and he told me no you go where I want you to go.

Action Requested by Inmate: If I have known issues in a dorm or housing area. I don't want to be place there by officers that don't care about my safety

### STEP 1: INFORMAL RESOLUTION

Check one box: ☐ Grievance  ☐ Request  ☑ Submission not subject to the IGRP process.

The Inmate Grievance and Request Program proposes to informally resolve your grievance or request as follows below. Alternatively, IGRP staff shall provide an explanation for why the submission is not subject to the IGRP process.

IGRC informed the grievant that staff complaints are submissions not subject to the IGRP process and has been forwarded to the Deputy Warden for investigation

Are you satisfied with the proposed resolution?

☐ Yes, I accept the resolution.  ☐ No

I request a formal hearing of the Inmate Grievance Resolution Committee within 5 business days from notification of the proposed resolution. I understand that if my submission involves a request to exercise religious beliefs or practices not currently available, then the Committee on Religious Accommodations will review my request

| Inmate's Signature:<br>X _Robert Lurch_ | Date: | Grievance Supervisor's Signature:<br>_CJ_ | Date:<br>3/9/16 |
|---|---|---|---|



# LURCH, ROBERT

**NYSID: 12684777N  BookCase: 3491505637**
**Facility Code: GMDC  Housing Area: M16A**
**25 Y old Male, DOB: 11/28/1990**
**1322 BEDFORD AVE, BROOKLYN, NY-11226**

Insurance: Self Pay
Appointment Facility: George Motchan Detention Center (C-73)

02/09/2016                                                    Appointment Provider: Mauricio Silva, MD

**Current Medications**
None

**Past Medical History**
Chickenpox
Mood disorder NOS
Mood disorder NOS

**Allergies**
Haldol: anaphylaxis

**Reason for Appointment**
1. Injury report 2473

**History of Present Illness**
Notes::
    Patient here for an injury evaluation. Per report patient was assaulted by an unknown assailant. Patient refuses to be seen. States that he does not have any injuries. Some contusions seen to face. Patient denies lesion and states that he wants to refuse. Refusal form signed.
TEMPLATES:

    Rikers Injury Report
Injury Report:
    General
        Injury Report #:  *2473*
        Event Location:  *Housing Area*
        Intentionality:  *Intentional*
        Cause:  *attack by unknown assailants Inmate on inmate fight.*
Refuses to be seen.
        Verified Injury:  *Physical evidence of injury*
        Did the patient have a blow to the head?  *No*
        Did the patient ever lose consciousness?  *No*
        Was the patient ever dazed and confused after injury?  *No*
VISIT COMPLEXITY SCALE:
    NON-INTAKE ACUITY
        Non-Intake Acuity Scale  *2: Complicated sick call (problem requiring diagnostic evaluation, documented history, physical exam, specified follow up) OR One chronic condition addressed with components specified in (3)*

**Vital Signs**

| BP | | |
|---|---|---|
| Lying Down:113/64 | 02/09/2016 02:25:57 AM | Mauricio Silva |
| **Vitals Refused** | | |
| Refused | 02/09/2016 02:25:57 AM | Mauricio Silva |

Patient: LURCH, ROBERT   DOB: 11/28/1990   Progress Note: Mauricio Silva, MD   02/09/2016
*Note generated by eClinicalWorks EMR/PM Software (www.eClinicalWorks.com)*

## Examination

General Examination:

GENERAL APPEARANCE: well-appearing, no acute distress.
HEENT: **HEAD:-**, normocephalic. Multiple contusions seen.
Minimal swelling with echymosis.

## Assessments

1. INJURY-NEC - E958.8 (Primary)
2. REFUSAL OF TREATMENT - V62.6

## Treatment

**1. INJURY-NEC**
Multiple small contusions seen. Patient denies injuries. No explanation.
Refuses to be seen.

**2. REFUSAL OF TREATMENT**
Refused to be seen.
See injury report.

Disposition: Return to Current Housing

**Appointment Provider: Mauricio Silva, MD**



**Electronically signed by Mauricio Silva , MD on 02/09/2016 at 05:44 AM EST**

**Sign off status: Completed**

---

**George Motchan Detention Center (C-73)**
**15-15 Hazen Street**
**East Elmhurst, NY 11370**
**Tel: 718-546-4550**
**Fax:**

---

**Patient: LURCH, ROBERT   DOB: 11/28/1990   Progress Note: Mauricio Silva, MD   02/09/2016**

*Note generated by eClinicalWorks EMR/PM Software (www.eClinicalWorks.com)*



**LURCH, ROBERT**

NYSID: 12684777N  BookCase: 3491505637
Facility Code: GMDC  Housing Area: M16A
25 Y old  Male, DOB: 11/28/1990
1322 BEDFORD AVE, BROOKLYN, NY-11226

Insurance: Self Pay
Appointment Facility: George Motchan Detention Center (C-73)

---

02/08/2016                          **Appointment Provider: Nnaemezie Umeasor, MD**

**Current Medications**
None

**Past Medical History**
Chickenpox
Mood disorder NOS
Mood disorder NOS

**Allergies**
Haldol: anaphylaxis

**Reason for Appointment**
1. Injury#2461

**History of Present Illness**
VISIT COMPLEXITY SCALE:
    Patient was involved in a physical altercation with another inmate, in which chemical spray was utilized and now experiencing mild burning sensation in the eyes.
    NON-INTAKE ACUITY
      Non-Intake Acuity Scale  *2: Complicated sick call (problem requiring diagnostic evaluation, documented history, physical exam, specified follow up) OR One chronic condition addressed with components specified in (3)*
TEMPLATES:

    Rikers Injury Report
Injury Report:
    General
      Injury Report #:  *2461 /*
      Event Location:  *Housing Area /*
      Intentionality:  *Unintentional /*
      Cause:  *DOC use of force/ alleged attack by staff /*
      Verified Injury:  *Injury by history only /*
      Did the patient have a blow to the head?  *No /*
      Did the patient ever lose consciousness?  *No /*
      Was the patient ever dazed and confused after injury?  *No /*

**Vital Signs**

| BP | | |
|---|---|---|
| 113/64 | 02/08/2016 07:21:16 AM | Nnaemezie Umeasor |
| **Pulse** | | |
| 66 | 02/08/2016 07:21:16 AM | Nnaemezie Umeasor |
| **RR** | | |
| 16 | 02/08/2016 07:21:16 AM | Nnaemezie Umeasor |
| **Temp** | | |

---

Patient: LURCH, ROBERT   DOB: 11/28/1990   Progress Note: Nnaemezie Umeasor, MD   02/08/2016
*Note generated by eClinicalWorks EMR/PM Software (www.eClinicalWorks.com)*

https://chsricbpdlb.riepf.com/mobiledoc/jsp/catalog/xml/printChartOptions.jsp?encounterI...   2/25/2016

**George Motchan Detention Center (C-73)**
**15-15 Hazen Street**
**East Elmhurst, NY 11370**
**Tel: 718-546-4550**
**Fax:**

**Patient: LURCH, ROBERT    DOB: 11/28/1990    Progress Note: Nnaemezie Umeasor, MD    02/08/2016**

*Note generated by eClinicalWorks EMR/PM Software (www.eClinicalWorks.com)*

**FRANKLIN CORRECTIONAL FACILITY**
P.O. BOX 10, 62 BARE HILL ROAD
MALONE, NEW YORK 12953

Robert Lurch D.N:16A2468



FRANKLIN

CORRECTIONAL FACILITY

neopost
10/11/2016
US POSTAGE $007.99⁰
ZIP 12953
041L11251101



E028 4259 1000 0140 7002

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

Pro Se Intalle Unit
United States District court
Southern District of New York
500 Pearl Street
New York, NY
10007



RECEIVED
SDNY PRO SE OFFICE
2016 OCT 17  AM 10: 38



USM P3
SDNY